BAKER & HAMILTON v. WILLIAMSBURGH CITY FIRE INS. CO. OF BROOKLYN, N. Y.

(Circuit Court, N. D. California. August 29, 1907.)

No. 14,041.

1. INSURANCE—CONSTRUCTION OF POLICY—EXCEPTIONS FROM GENERAL RISK.

In a policy insuring the owner of property "against all direct loss or damage by fire, except hereinafter provided," a provision excepting loss or damage occasioned by or through earthquake cannot be limited by construction, so as to apply only to loss or damage by earthquake, and not by fire; such risk not being within the general terms of the policy.

**2. SAME—EXCEPTION OF EARTHQUAKE FIRES—"OCCASIONED" DEFINED.**

A fire insurance policy provided that the company should "not be liable for loss caused, directly or indirectly, by invasion, * * * or by order of any civil authority, or for loss or damage occasioned by or through * * * earthquake." *Held*, that the words "directly or indirectly" did not apply to the provision respecting earthquake; that, construing such provision most strongly against the insurer, in accordance with the established rule, the word "occasioned" was equivalent to "caused," and related to the origin of the fire; and the provision exempted the company from liability for a loss only where an earthquake was the immediate, direct, and proximate cause of the fire which destroyed the property.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4896–4897.]

At Law. On demurrer to answer.

L. A. Redman, for plaintiff.

Van Ness & Denman, for defendant.

WHITSON, District Judge. This is an action upon an insurance policy to recover for loss by fire on the 18th day of April, 1906, of a stock of goods, wares, and merchandise located in a building on the north side of Pine street, between Front and Davis streets, in the city of San Francisco. It is one of the many actions growing out of the great conflagration in that city which shortly followed the earthquake on that day. Controversies over the liability of insurers for property thus destroyed have taken various forms, depending upon policy provisions. That with which this case is concerned contains the following:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or for loss or damage occasioned by or through any volcano, earthquake, or hurricane, or other eruption, convulsion, or disturbance; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon."

Relying upon this language as giving exemption from the obligation to reimburse the plaintiff for the fire loss of its property, the defendant has set up by amended answer two separate defenses, which are: First, that in and by the policy of insurance sued upon it was provided, stipulated, and agreed that the defendant company should not be liable for loss occasioned by or through earthquake, and that the fire mentioned in the complaint and the loss thereby and by reason thereof was occasioned by earthquake and through earthquake, and that but for such earthquake said fire and said loss would not have occurred; second, that by the policy of insurance sued upon it was provided, stipulated, and agreed that the defendant company should not be liable for loss occasioned by or through earthquake, and that the fire mentioned in the complaint and the loss thereby and by reason thereof was caused by earthquake and through earthquake, and but for such earthquake said fire and said loss would not have occurred. The plaintiff has demurred to these defenses on the ground

that they are uncertain and ambiguous, and do not state facts sufficient to constitute a defense.

The first point made in aid of the demurrer is that the exception which mentions the loss of property by earthquake as an excepted risk was intended to apply to loss by earthquake, and not to loss from fire caused by earthquake. It is but fair to say that this comes more in the light of suggestion than as a contention. This construction would ignore, not only the express letter, but the whole tenor and spirit, of the contract, by converting it into an undertaking to protect plaintiff against a loss manifestly not in contemplation of either party. The policy in part reads:

"In consideration of the stipulation herein named and of forty-three and $50/100$ dollars premium does insure Baker & Hamilton for the term of one year from the 6th day of April, 1906, to the 6th day of April, 1907, at noon, against all direct loss or damage by fire except hereinafter provided, to an amount not exceeding five thousand and $00/100$ dollars," etc.

It was fire insurance which the plaintiff sought, and which the defendant undertook to give. Insurance Company v. Express Company, 95 U. S. 227–230, 24 L. Ed. 428. The policy cannot be distorted into any other than a fire insurance contract without departing from well-known rules of construction. It would have been idle to except losses for which, by the terms of the policy, defendant would not have been liable in any event. If no reference had been made to earthquake as an excepted hazard, there could have been no liability for loss so occasioned unless fire ensued, and then for the loss by fire, and not by earthquake. To hold with plaintiff's contention would be to conclude that the defendant had ingrafted an exception from liability for which it was not liable in the first instance. From that viewpoint the exception would be meaningless. While the rule is familiar that a construction most favorable to the insured will be adopted, it will not justify hunting for excuses to annul a contract to the prejudice of an insurer.

Discarding, then, the suggestion that the defendant intended to indemnify the plaintiff against the destruction of its property by earthquake as untenable, but having in view the purpose of the parties, the one in issuing the policy, the other in receiving it, we are brought to the second point, which is deserving of more serious consideration. It is contended that the clause relating to earthquake exemption is not as broad as that relating to those excepted liabilities following the words "directly or indirectly," which is answered by the argument that the words used are at least equally comprehensive, if not more so. It will not do to conclude that the earthquake exemption can have no effect upon the liability of the defendant. It was inserted for a purpose, and that purpose must be ascertained by just interpretation. It must be assumed, inasmuch as an earthquake, by the ordinary effects which are directly produced, cannot start a fire, but that it can and often does set in motion the agencies through which a fire may originate, that it was this result which the parties contemplated when the contract was made. Taking this as a fair construction, we are to ascertain, if possible, to what extent the defendant limited its liability. In that clause relating to invasion, insurrection, riot, etc., the words

employed to express the defendant's meaning were comprehensive; not only that which might directly result was excepted, but that which might indirectly occur. That the policy was framed in view of a different liability as applied to invasions, etc., than as applied to earthquakes, must be concluded; otherwise, there would have been no reason for not including the latter exception under the first clause, following "directly or indirectly." Indeed, there would have been no reason for more than one clause. All of the exceptions could, and ordinarily would, have been embraced within one class. The significance of this classification cannot be overlooked. Nor was it intended, by the use of the words "occasioned by or through," to enlarge upon the words "directly or indirectly"; for by those words as broad a statement of exemption was made as could be by the use of any comprehensive term which should omit specific details. Webster defines "occasion" as follows:

"To cause or bring about by furnishing the condition or occasion needed for the action of a principal cause; to cause accidentally or incidentally, or simply to cause or bring about."

The word must have been used in its popular sense. Speaking of insurance policies, the Supreme Court has said:

"Their terms are to be taken and understood in their plain, ordinary, and popular sense." Imperial Fire Insurance Company v. Coos County, 151 U. S. 463, 14 Sup. Ct. 379, 38 L. Ed. 231.

At least the plaintiff, taking the policy, was entitled to so construe it under the rule that the interpretation which bears the more strongly against an insurer must be adopted. To sustain the defendant's theory it would be necessary to conclude that the word "indirectly" is broad enough to cover a contingency arising by the destruction of the means usually available for extinguishing fires; that if the water mains had not been broken, and the means of communication destroyed, and the facilities for extinguishing fires had not been impaired, and transportation facilities had not been disarranged, the fire which destroyed the plaintiff's property might have been extinguished, for then the indirect loss or damage could be held to apply to the absence of the means ordinarily used for fire extinguishment; and so it has been stoutly contended. But as to this I adhere to the views already expressed in another case, namely, that such language was intended to relate to the origin of fires, and that the exception cannot be extended to those happenings which do not relate to their inception.

Having seen that this exception relates to the origin of the fire, and that there must be a direct connection between the earthquake and the starting of a fire, it seems reasonably clear that it was the intention of the defendant to exempt itself from liability if an earthquake should be the immediate, proximate, and direct cause of a fire which destroyed the property. That might occur in a good many ways. An earthquake might cause a fire in the building from short-circuited wires, or by a gas explosion, or by throwing inflammable material into contact with the fire of a furnace, or the like, and this would be an earthquake-caused fire. But if such a fire should start in a building a mile away, and be thence communicated from building to building until it reached

property not directly so affected, a fire so originating would be indirectly caused by an earthquake, and not directly. But for the fact that the policy has provided for a different liability as regards earthquake-caused fires than for those originating through causes specified in the clause immediately preceding that relating to earthquakes, the case of Ætna Insurance Company v. Boon, 95 U. S. 117, 24 L. Ed. 395, would perhaps control the result here; for in that case it was held that a fire originating in one building and communicated through other buildings to the one insured was to be attributed to the original fire as the proximate cause, and the defendant was held not liable, the proximate cause being defined as the efficient cause. To the same effect are many cases cited by counsel. But the ground upon which I expressly place my decision is that the policy has by its own limitations fixed a more extended liability than is now contended for, and this is to be drawn from the context, the classification of hazards, and the phraseology by which they have been excepted; for, if the conclusion be correct that the numerous exigencies which may arise as incidental to an earthquake were not intended to be included as giving exemption, then there is no other way to harmonize the language which has been used in such a manner as to give effect to all the provisions of the policy. Regarding the earthquake clause the policy must therefore be considered as inviting a construction which is inconsistent with the extent of defendant's claim of nonliability. To make it more specific, as to those excepted hazards following "occasioned by or through," the same liability exists as though the word "caused" had been used. But for the fact that counsel have fully argued and submitted the whole matter, the demurrer could have been passed upon without entering into this extended discussion.

Construing the policy as meaning that the defendant was to be exempt from liability if the fire was caused by an earthquake, and excluding the remote cause, which would have been excepted if the word "indirectly" had been used as applied to that exemption, and holding, as I do, that it was intended, in view of the context, to include only the proximate or immediate cause, the ruling will be that as to the first defense the demurrer must be overruled, for the defendant has put itself within the language of its contract. If it can by proof bring itself within the views herein expressed, it is not liable. As to the second defense the demurrer will be sustained, because the defendant has in effect pleaded the same thing in the first defense; the words "caused" and "occasioned" having been used as synonymous terms. The soundness of these views, it must be confessed, is not altogether free from doubt; but the rule of strict construction in favor of the insured has been followed, and an interpretation given of which the policy is fairly susceptible, and which renders the contract consistent with itself by giving force to each of its provisions, and this cannot be done by adopting the theory which defendant's counsel has so ably suggested.

Plaintiff and defendant will each be allowed an exception.