WILLIAMSBURGH CITY FIRE INS. CO. OF BROOKLYN v. WILLARD.†

(Circuit Court of Appeals, Ninth Circuit. October 5, 1908.)

No. 1,586.

1. INSURANCE (§ 146*)—CONSTRUCTION OF POLICY—MEANING OF WORDS USED.
    Words used in a policy of insurance should be given their common, ordinary meaning, rather than that of the lexicographers or of those skilled in the niceties of language.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 294; Dec. Dig. § 146.*]

2. INSURANCE (§ 421*) — EXCEPTION OF FIRES "OCCASIONED" BY EARTHQUAKE —"CAUSED"—"BY OR THROUGH"—"DIRECTLY OR INDIRECTLY."
    A policy insuring the owner of property "against all direct loss or damage by fire except as hereinafter provided" contained a provision that the company should "not be liable for loss caused directly or indirectly by invasion, * * * or for loss or damage occasioned by or through any * * * earthquakes." Held, that the words "directly or indirectly" did not apply to the provision respecting earthquakes; that, construing such provision most strongly against the insurer in accordance with the settled rule, and giving the words their common, ordinary meaning, the word "occasioned" was equivalent to "caused," and the phrase "by or through" was but a repetition of words meaning the same thing, so that the provision excepted only loss or damage caused directly by earthquake, and that a loss indirectly caused by the progress of a fire from a distance, although originally started by an earthquake, was not within the exemption.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 421.*
    For other definitions, see Words and Phrases, vol. 2, pp. 1012–1013; vol. 8, pp. 7597–7598; vol. 6, pp. 4896–4897.]

3. INSURANCE (§ 421*)—CALIFORNIA STATUTE—"SPECIALLY EXCEPTED."
    The insurer is not exempted from liability in such case by Civ. Code Cal. § 2628, which provides that, "when a peril is specially excepted in a contract of insurance, a loss which would not have occurred but for such peril is thereby excepted, although the immediate cause of the loss was a peril which was not excepted," since the peril "specially excepted" is fire directly caused by earthquake, and it was not the intention of the statute to create an exemption wider than that stipulated for by the parties.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 421.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes
†Rehearing denied November 6, 1908.

In Error to the Circuit Court of the United States for the Northern District of California.

T. C. Van Ness (Ralph C. Harrison, of counsel), for plaintiff in error.

L. L. Solomons and L. A. Redman, for defendant in error.

Charles S. Wheeler, J. F. Bowie, and H. U. Brandenstein, amici curiæ.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge.  The court below held the plaintiff in error, the Williamsburgh City Fire Insurance Company of Brooklyn, N. Y., liable upon a fire insurance policy.  By the terms of the policy the property of the defendant in error was insured "against all direct loss or damage by fire except as hereinafter provided."  After setting forth the amount of the insurance, with a description of the property and certain other provisions not material to the question here involved, the following clause was added:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war, or commotion, or military or usurped power, or by order of any civil authority; or for loss or damage occasioned by or through any volcano, earthquake, or hurricane, or other eruption, convulsion, or disturbance, or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by fire in neighboring premises, or (unless fire ensues and in that event for the damage by fire only) by explosion or any kind of lightning; but liability for direct damage by lightning may be assumed by agreement indorsed hereon."

The property of the insured was consumed in a general conflagration in San Francisco, which had its origin in the earthquake of April 18, 1906  The fire was started at several points in the city other than that at which the insured property was situated, and spread until it reached the insured property.  It is the contention of the plaintiff in error that, since the fire which destroyed the property can be traced back through a number of buildings to a fire started by the earthquake, liability therefor is excluded by the policy.  The single question before the court is whether that contention is sustained by the true construction of the terms of the policy.  The insurance is against all direct loss or damage by fire with the exceptions stated in the clause above set forth.  The first exception is liability for loss caused directly or indirectly by invasion, etc.  Then occurs a change of phraseology, and instead of excepting liability for loss caused directly or indirectly by volcano, earthquake, etc., the language used is "or for loss or damage occasioned by or through any volcano, earthquake," etc.  Standing by itself and without reference to preceding clauses of the insurance policy, the plain meaning of this clause would be that the insurer does not assume liability for loss or damage occasioned by any of the violent disturbances of nature so enumerated; but, as it is explicitly stated in the policy that the insurance is only against direct loss or damage by fire, there must be read into the clause under consideration the words "by fire," so that it shall read, "or for loss or damage by fire occasioned by or through any volcano, earthquake, or hurricane," etc.,

for it must be that the sole purpose of the exception is to specify certain losses by fire not insured against. This is especially true when we take into consideration the fact that the policy begins with the statement that the insurance is "against all direct loss by fire except as hereinafter provided." The rules of construction require that, if possible, a meaning shall be given to every provision of the contract. To say that the exception refers to destruction of insured property, from earthquake or other physical causes named is to give no meaning to the exception and to reject it as surplusage.

The plaintiff in error contends that the words "occasioned by or through" are equivalent in meaning to the words "caused directly or indirectly by," since "to occasion" by strict definition does not mean to act as a cause in producing effect, but "to cause incidentally or indirectly," "to bring about or be the means of bringing about," etc. It is true that this distinction of meaning is to be found in the definitions of these words by the lexicographers; but it is equally true, and this is also sustained by the dictionaries, that in common and colloquial use the words "cause" and "occasion" are used synonymously. Such, in fact, is their ordinary use. Words used in a policy of insurance should be given their common, ordinary meaning, rather than that of the lexicographers or of those skilled in the niceties of language. Imperial Fire Insurance Co. v. Coos County, 151 U. S. 463, 14 Sup. Ct. 379, 38 L. Ed. 231. Nor do we find any enlargement of the meaning of the clause from the use of the words "by or through." "By or through" is but the repetition of words meaning the same thing, and the effect is the same that it would be if either of those words have been used, instead of both. Upon the premise, then, that the exception in the policy is for loss or damage by fire caused by any volcano, earthquake, etc., we proceed to inquire whether the loss in this case is one for which liability is excluded under the policy.

The plaintiff in error particularly relies upon Insurance Co. v. Tweed, 7 Wall. 44, 19 L. Ed. 65, and Insurance Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395. In the first of these cases the policy exempted the insurance company from liability for any loss which might happen or take place by means of any explosion. An explosion took place in a warehouse situated across the street from the insured property, and produced a fire which, facilitated by the direction of the wind, reached and consumed the insured property. The court held that the explosion was the proximate cause of the loss, because the fire extended at once to the insured property from the place of the explosion, and said that no new or intervening cause occurred between the explosion and the burning of the insured property, and that if such cause had intervened, sufficient of itself to stand as the cause of the misfortune, the other must have been considered as too remote. In Insurance Co. v. Boon, the doctrine of the Tweed Case was applied to a similar policy of insurance exempting the insurer from loss or damage by fire "which may happen or take place by means of any invasion, insurrection," etc. In citing the Tweed Case the court said:

"There it was, in effect, ruled that the efficient cause, the one that set others in motion, is the cause to which the loss is to be attributed, though

the other causes may follow it and operate more immediately in producing the disaster."

In Scheffer v. Railroad Co., 105 U. S. 249, 26 L. Ed. 1070, Mr. Justice Miller, who had delivered the opinion in the Tweed Case, said of that case that:

"It went to the verge of sound doctrine in holding the explosion to be the proximate cause of the loss of the Alabama Warehouse; but it rested on the ground that no other proximate cause was found."

It is the doctrine of these decisions that if the excepted cause produce a fire in property near the property insured, and the fire is communicated to the latter by natural causes, the excepted cause is the proximate cause of the loss, and that the exceptions contained in the policies in those cases, phrased as they were, were sufficiently broad to exclude liability for loss by fire caused either directly or indirectly by the agencies so specified. The plaintiff in error also cites Walker v. London & Provincial Fire Ins. Co., 22 Irish Law Times, 84. In that case the contract of fire insurance was made subject to the condition that the policy did not cover any loss or damage occasioned by or in consequence of incendiarism. The insured property was destroyed by a fire caused by incendiarism in an adjoining building. It was held that the word "incendiarism," as used in the policy, included any act of incendiarism, wherever committed, which directly caused the loss or damage sued for. Said Palles, C. B., in delivering the opinion of the court:

"The condition operates as an exception out of the generality of the description of fire contained in the body of the policy, and excludes from the risk damage resulting from willful, as distinguished from accidental, fires; and in my opinion the effect of the policy and the condition does not, for the purpose in hand, materially differ from that which it would have been if the words in the body of the policy had limited the risk to damage by fire not being incendiarism."

That case, however, goes no further than Ætna Fire Ins. Co. v. Boon. The construction of the exemption in the policy was not affected by the previous use of the words "directly or indirectly." No expression was used to show the intention to limit the exemption to incendiarism committed on the property described in the policy. This was expressly held in the opinion.

The foregoing decisions would control the construction of the policy in the present case if the exception therein as to liability for loss occasioned by volcano, earthquake, etc., stood by itself, unaffected by the language of the exception which immediately precedes it. The purpose of the policy being to insure against loss by fire, an exception of liability for fire loss should be plainly expressed. If it had been the intention of the policy to exclude liability for all loss by fire caused by earthquake, it would have been a plain and simple matter to express that intention in the words used in the first section. Had that been done, no question of construction could have arisen under the facts in the present case. But the difference in the phraseology is so marked and significant as to compel the conclusion that it was intentional. The insurer took pains to incorporate in the first exception exemption from

liability for loss caused directly or indirectly by invasion, insurrection, etc., and to omit the words "directly or indirectly" from the second. Having thus in the first exception excluded liability for loss resulting directly or indirectly from the causes specified, or, in other words, having stipulated for exemption from liability for loss through fire caused by invasion, etc., whether the fire originated on the property insured or was started elsewhere and communicated to it by the burning of intervening property, and having omitted the words "directly or indirectly" in the second exception, the natural inference is that the intention was to claim a narrower exemption from liability in the latter.

Applying the maxim that in construing the terms of an insurance policy, if there be any ambiguity, it must be construed most strongly against the insurers, since the language of the policy is their own, effect to that intention can only be given in the present case by holding that the second exception exempts only from liability for loss by fire which is caused directly by volcano, earthquake, etc., and that a loss indirectly caused by the progress of a fire from a distance, although originally started by an earthquake, is not within the exemption. Baker & Hamilton v. Williamsburgh City Fire Ins. Co. (C. C.) 157 Fed. 280. It is unnecessary, therefore, to enter into a discussion of the question whether the earthquake was or was not the proximate cause of the loss. Conceding that it was the procuring, efficient, predominating cause, it was not, nevertheless, the direct cause. It did not produce a fire on the insured premises. A contract such as we construe this one to be was not unreasonable or inconsistent with the usual course of business of an insurance company. An earthquake, unaided by other agencies, produces no fire. It evidently was not the intention of the contracting parties that the insured was to answer for the default of others whose buildings might be improperly constructed or defectively wired, or, by reason of the purposes for which they were used, were specially subject to fire by the disturbing agency of an earthquake.

While the question of the construction of the policy has necessarily been resolved upon a consideration of its own phraseology, in the light of the subject-matter of the contract, assistance has been found in the principles announced in the following decisions: In Hustace v. Insurance Co., 175 N. Y. 292, 67 N. E. 592, 62 L. R. A. 651, the policy provided for liability only for loss directly caused by fire. A fire caused an explosion which blew down the insured premises, which were located a short distance from the place of the explosion. The court held that the direct cause of the loss was the explosion, and that there could be no recovery on the policy. In German Fire Ins. Co. v. Roost, 55 Ohio St. 581, 45 N. E. 1097, 36 L. R. A. 236, 60 Am. St. Rep. 711, the insurance excluded loss by explosion unless fire ensued, but specially insured against loss or damage by lightning. Lightning struck a powder magazine on the opposite side of the street and caused an explosion which wrecked the insured property. It was held that the loss was caused by the explosion, and not by lightning, and that the insurance company was not liable. In Boatmen's Fire Ins. Co. v. Parker, 23 Ohio St. 85, 13 Am. Rep. 228, the policy provided that the company should not be liable for damages occasioned by the explosion of a steam boiler, nor for damages resulting from such explosion,

nor for damages caused by the explosion of gunpowder. The court held that the words "resulting from such explosion" had no application to the latter clause of the sentence, and that the damage resulting from explosion caused by gunpowder was not excluded, citing Hare v. Horton, 5 B. & Ad. 715, in which was involved the construction of a mortgage upon "dwellings, foundries, and other premises, together with all fixtures in the dwelling house," and in which the court held that although, if there had been no specifications of fixtures in the dwelling house, the fixtures in the foundries would have passed by the mortgage, yet by the use of those words the fixtures intended to pass were confined to those in the dwelling house. So in Commercial Ins. Co. v. Robinson, 64 Ill. 265, 16 Am. Rep. 557, on a policy providing that the company shall not be liable "for any loss or damage by fire caused by means of an invasion, * * * nor for any loss caused by the explosion of gunpowder." The court held that the words "by fire" could not be read into the latter clause, and held that the exemption should be confined to loss caused by explosion without fire, and said:

"The difference in phraseology between the two clauses is so marked that, when we consider their connection with each other, we cannot resist the conclusion that the difference was intended."

The plaintiff in error cites and relies on section 2628 of the Civil Code of California, which provides as follows:

"When a peril is specially excepted in a contract of insurance, a loss which would not have occurred but for such peril is thereby excepted, although the immediate cause of the loss was a peril which was not excepted."

As we understand the statute, it has no bearing upon the question of the construction of the policy in the present case. The "peril specially excepted" here is fire directly caused by earthquake. For a loss so caused the insurer shall not be liable. But the loss did not occur from a fire directly caused by earthquake. To hold that the insurance company, although it has specially provided for exemption of liability for loss by fire directly caused by earthquake, is entitled to an exemption wider than that which it stipulated for, is to hold that the intention of the statute is to deny to the contracting parties the power to make the contract which they made—a purpose not to be imputed to the lawmakers, and, indeed, one which is expressly disavowed in section 3268, which declares that the provisions of the Code in respect to the rights and obligations of parties to contracts (including section 2628)—

"are subordinate to the intention of the parties when ascertained in the manner prescribed by the chapter on the Interpretation of Contracts; and the benefit thereof may be waived by any party entitled thereto, unless such waiver would be against public policy."

The judgment is affirmed.