[S. F. No. 5337. In Bank.—September 14, 1910.]

## PACIFIC HEATING AND VENTILATING COMPANY, Respondent, v. WILLIAMSBURGH CITY FIRE INSURANCE COMPANY OF BROOKLYN, Appellant.

INSURANCE—CONSTRUCTION OF POLICY AGAINST INSURER.—While a policy of insurance, like other contracts, must be construed according to the language and terms used therein in order to arrive at its true sense and meaning, and courts will not undertake to relieve parties from the express and plain stipulations into which they have entered, still the rule is well established that provisos and exceptions contained in such policy must be strictly construed against the insurer and liberally in favor of the insured.

ID.—AMBIGUOUS CONDITIONS.—The insurer is in duty bound to use such language as to make the conditions, exceptions, and provisions of the

policy clear to the ordinary mind, and in case it fails to do so, any ambiguity or reasonable doubt must be resolved in favor of the insured and against the insurer.

ID.—FIRE INSURANCE—LOSS OCCASIONED BY OR THROUGH EARTHQUAKE—LOSS CAUSED DIRECTLY OR INDIRECTLY BY OTHER CAUSES.—Under a policy of fire insurance, which contained a provision that the insurer "shall not be liable for loss caused directly or indirectly by invasion . . . or by order of any civil authority; or for loss or damage occasioned by or through any . . . earthquake," a distinction is made between loss caused "directly or indirectly" by certain means other than earthquake, and "loss or damage occasioned by or through" earthquake. The omission of the words "directly or indirectly" from the clause dealing with earthquake justifies a limitation of that clause to loss occasioned *directly*, as well as proximately, by earthquake.

ID.—LIABILITY FOR EARTHQUAKE FIRE ORIGINATING ON OTHER PROPERTY.—It is no defense to an action on such a policy, that on the day on which the insured property was destroyed by fire, an earthquake occurred which started a fire on other property, and that such fire thereafter spread from building to building and destroyed the property insured.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

T. C. Van Ness, and Otto Irving Wise, for Appellant.

Vogelsang & Brown, and L. A. Redman, and Charles S. Wheeler, and J. F. Bowie, *Amici Curiæ* for Respondent.

THE COURT.—This appeal was first considered by the district court of appeal for the first district, which affirmed the order appealed from. Thereafter, on motion of the appellant, the cause was transferred to this court for hearing and determination.

The opinion filed by the district court of appeal was prepared by Cooper, P. J. It reads as follows:—

"This action was brought to recover upon a fire insurance policy issued by defendant. Plaintiff had judgment, and the court denied a motion for a new trial, and this appeal is from the order.

"The policy was an agreement by defendant, in consideration of the premium paid, to indemnify the plaintiff against loss of the insured property by fire to the amount of the policy. The question turns upon the following provision in the policy, to wit: 'This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or for loss or damage occasioned by or through any volcano, earthquake, or hurricane, or other eruption, convulsion, or disturbance; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon.'

"The defendant in its answer alleged that the fire and the consequent loss were occasioned by and through earthquake, and that but for such earthquake the fire and loss would not have occurred. In support of such defense the defendant offered to prove that on the day the insured property was destroyed by fire, to wit, on April 18, 1906, an earthquake occurred, and that 'a fire caused by said earthquake started in and broke out upon the premises occupied by Mack & Co., wholesale druggists, situated on the east side of Fremont Street, known as Nos. 13-19 Fremont Street; that said fire thereafter spread southerly from building to building, to and destroyed the property insured under the policy herein sued on, said property being situate in Block No. 389 in which the building occupied by Mack & Co. was situate.' To this offer the court sustained plaintiff's objection, and the question is thus squarely presented as to whether or not the offered evidence was admissible under the issues.

"A policy of insurance is but a contract, and like all other contracts it must be construed according to the language and terms used therein in order to arrive at its true sense and meaning. Courts will not undertake to relieve parties from the express and plain stipulations into which they have entered. But while this is true, it is also a rule well established by the courts, that provisos and exceptions contained in a

CLVIII Cal.—24

policy of insurance must be strictly construed against the insurer and liberally in favor of the insured. This rule is based upon the fact that the contract of insurance is drawn by the insurer, and in it are usually placed many exceptions, conditions and forfeitures deliberately and purposely by the insurer so as to avoid liability, and the ordinary person in paying a premium and accepting a policy does not read, or, if he does read, he cannot understand the many conditions, exemptions and exceptions contained therein. In fact such provisions, exceptions and conditions in many cases, on account of their ambiguity, have been construed differently by the most eminent lawyers and the highest courts of the land. Therefore the courts endeavor to carry out the contracts as made by the parties and, at the same time, prevent if possible the exceptions and conditions from wholly devouring the policy. It is therefore a fundamental rule that the insurer is in duty bound to use such language as to make the conditions, exceptions and provisions of the policy clear to the ordinary mind, and in case it fails to do so, any ambiguity or reasonable doubt must be resolved in favor of the insured and against the insurer.

"As said by the supreme court of this state in *Nielsen* v. *Provident Savings etc. Soc.*, 139 Cal. 332, [96 Am. St. Rep. 146, 73 Pac. 168], (where it was held that a provision in a statute in regard to life-insurance policies to the effect that the reserve fund shall be applied as shall have been agreed in the policy, either to continue the insurance or to purchase a paid-up policy, and the insured died after a premium was due without having asked to have the reserve fund of $5.10 applied to either continue the policy, or to purchase a paid-up policy, must be so construed that the reserve fund, which was sufficient to pay the premium for the days the insured lived after his premium became due, kept the policy alive and valid up to the time of the death of the insured) : 'The spirit of the statute requires a broad meaning to be given to it for the benefit of the insured.'

"In the light of what has been said we will examine the condition or exception in this policy, as it reads, with relation to its context so as to arrive at its correct construction.

"The plaintiff desired to have his property insured against the peril of fire, and with this in view procured the policy.

By its plain terms the company agreed to pay him a certain sum in case of the destruction of his property by fire. His property was destroyed by fire, and the defendant thus became liable unless saved by the exception in the clause hereinbefore quoted. The first part of the exception, to wit, 'This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority,' ends by a semicolon. It is thus plainly stated that the company shall not be liable for loss 'caused directly or indirectly' by the various things therein enumerated. As the damage in this case was not caused by any of the things enumerated in the first clause of the condition it therefore is not subject to the comprehensive words 'caused directly or indirectly.' After the use of the above-quoted words, and after the semicolon, occur the words 'or for loss or damage occasioned by or through any volcano, earthquake. . . .' The words 'damage occasioned by or through . . . any earthquake' by their fair interpretation mean such damage as is caused 'by or through an earthquake.' What was the cause of the plaintiff's loss or damage? It was fire, the peril which he had insured against. When the earthquake occurred, and the vibrations of the earth ceased the plaintiff's property had not been damaged, nor had he lost it. His property remained intact, and it had not been set on fire by the earthquake. He had suffered no loss by the earthquake or through the earthquake. He afterwards lost his property by fire, which was the direct and proximate cause of his loss.

"It is true that appellant claims that the earthquake caused the fire in the building occupied by Mack & Co., and that this fire caused the fire in the adjoining building, and that this caused the fire in the next adjoining building, and so on until finally it reached and burned the property of the plaintiff. If we go back from cause to cause we can trace the parent cause to the earthquake which was the remote cause of the fire. But the plain common-sense reading of the policy would convey no information to plaintiff that he could not recover if the cause of the cause of the cause of the fire was an earthquake. He could understand by reading the policy that if an earthquake should by its violence set his building on fire, that he could not recover the loss; but it would be diffi-

cult for any one to understand that the plaintiff agreed that the defendant might be exempt from a fire the remote cause of which was an earthquake.

"Suppose a statute should make it a crime for any one to cause a building to be burned. A becomes the father of a mischievous boy. He buys matches and leaves them on his dining-room table. The boy of his own volition takes the matches and sets fire to the building. A in one sense caused the fire as he was the remote cause of it. He became the father of the boy; he bought the matches, and left them where the boy could get them. Was the fire caused or occasioned by or through A under such circumstances? According to the theory of appellant, if a very slight shock of earthquake had upset a lamp and thus set fire to a building, and this building should communicate the fire to an adjoining building, and thence from building to building until the whole city had burned, not a dollar of insurance could be recovered if the policies each contained the clause under discussion. We do not think that either the plaintiff or the defendant ever contemplated making any such contract. It would certainly require the most clear and unambiguous language to justify any court in placing a construction upon a policy of insurance that would have such result. The company, by its own words, in the first part of the clause has provided that it shall not be liable for loss in certain cases caused either 'directly or indirectly' by the things therein enumerated. It then, after a semicolon, used other language. It dropped the words 'directly or indirectly,' and in lieu thereof used the words 'by or through.' Was it the intention that the words 'by or through' should have a different meaning from the words 'directly or indirectly'? We think it clearly appears that it was not intended, by the use of the words 'by or through' that the defendant was not to be held for any loss indirectly caused by earthquake, volcano, hurricane, or any of the terms used after the words 'by or through.'

"Appellant calls our attention to section 2628 of the Civil Code, and insists that it is exempt under said section. There are two sections of the Civil Code bearing upon the question discussed, and they must be read together.

"Section 2626: 'An insurer is liable for a loss of which a peril insured against was the proximate cause; although a

peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause.'

"Section 2628: 'When a peril is specially excepted in a contract of insurance, a loss, which would not have occurred but for such peril is thereby excepted; although the immediate cause of the loss was a peril which was not excepted.'

"It will be noticed that section 2626 makes the insurer liable when the peril insured against was the proximate cause of the loss, although a peril not contemplated may have been the remote cause. In this case the peril insured against was fire. The peril not insured against was earthquake. The defendant is liable although the earthquake was the remote cause of the loss.

"What is the meaning of section 2628? As applied to this case the peril specially excepted is fire directly caused by an earthquake. If what has been said heretofore is logical and correct the policy only excepted loss by a fire directly caused by an earthquake. The excepted peril, that is loss by fire caused directly by an earthquake, did not occur. The question therefore as to whether or not the loss would have occurred but for an excepted peril which never occurred is a false quantity. It is not necessary to hold that the company, by providing that it should not be liable for fire losses directly caused by an earthquake, can read the provisions of section 2628 into the proviso, and thus claim an exemption much broader than that stipulated for in the policy. It certainly would be carrying the exception to a great length to hold that the plaintiff agreed that the defendant should not be liable for fire loss directly caused by earthquake, and that by reason of the section the defendant is not liable for a fire indirectly caused by an earthquake. No rule of construction would justify us in holding that the section broadens the scope of the original exception. The exception was made in the contract of insurance, and must be held to control, as it was the deliberate words of the parties used by them in making the contract.

"The rule herein announced is supported by analogous cases in many jurisdictions.

"In *Winspear* v. *Insurance Co.*, 6 Q. B. Div. 42, the terms of the policy provided 'that it should cover any personal in-

jury caused by accidental, external and visible means, if the direct effect of such injury should occasion his death'; and it .further provided that it should not extend to 'any injury caused by or arising from natural disease or weakness or exhaustion consequent upon disease.' The insured was seized with an epileptic fit, and fell into a stream, and was there drowned while suffering from the fit. It was held that the death was within the risk covered by the policy, and that the proviso did not apply.

"In *Lawrence* v. *Insurance Co.,* 7 Q. B. Div. 216, the policy provided: 'This policy covers injuries accidentally occurring from material and external cause appearing upon the person of the insured, where such accidental injury is the direct and sole cause of the death of the insured, but it does not insure in case of death from fits . . . or any disease whatsoever arising before or at the time or following such accidental injury, whether consequent upon such accidental injury or not, or whether causing such death directly or jointly with such accidental injury.' The insured, while at a railroad station, was seized with a fit, and fell forward off the platform across the railway, when an engine and carriages which were passing went over his body, and killed him. It was held that the death of the insured was caused by an accident within the meaning of the policy, and that the insurers were liable.

"In *Manufacturers' Ind. Co.* v. *Dorgan,* 58 Fed. 945, [7 C. C. A. 581], an action was brought on a policy of insurance. It was contended that while suffering from an attack of heart disease the insured fell into a stream in which he was fishing, and was drowned. The trial court assumed that the fall was due to weakness of the heart, and proceeded on this assumption to construe the policy. The policy provided that the company should not be liable if death was caused by 'any bodily injury happening directly or indirectly in consequence of disease, or to death or disability caused wholly or in part by bodily infirmities or disease, or to any cause where the accidental injury was not the proximate and sole cause of disability or death.' It was held that death was caused by drowning and not from disease, and Judge Taft, delivering the opinion, said: 'We are of the opinion that in the legal sense, and within the meaning of the last clause, if the deceased suffered death by drowning, no matter what was the

cause of his falling into the water, whether disease or a slipping, the drowning in such case would be the proximate and sole cause of the disability or death, unless it appeared that death would have been the result, even had there been no water at hand to fall into. The disease would be but the condition; the drowning would be the moving, sole and proximate cause.'

"It was said by Judge Seawell of the superior court in the case of Baker & Hamilton against this same defendant, in construing the same provision in one of the defendant's policies: 'The primary fires may have been due to unskillful or defective wiring, or to improper construction of the buildings in which they were installed, or both. It was known to the parties when they entered into the contract that the defendant was to be liable for a loss of which fire and not earthquake was the proximate cause. It is unreasonable to hold that in accepting the policy plaintiff should have understood that he assumed the consequences of the negligence of other persons, over whom he had no control, at a point far distant from the insured property.'

"In another case of Baker & Hamilton against this same defendant, 157 Fed. 280, it was said by Judge Whitson, in considering the same clause in a · like policy: 'Having seen that this exception relates to the origin of the fire, and that there must be a direct connection between the earthquake and the starting of the fire, it seems reasonably clear that it was the intention of the defendant to exempt itself from liability if an earthquake should be the immediate, proximate and direct cause of a fire which destroyed the property. That might occur in a good many ways. Earthquake might cause a fire in the building by short-circuiting of the wires, or by a gas explosion, or by throwing inflammable material into contact with the fire of a furnace, or the like, and this would be an earthquake-caused fire. But if such a fire should start in a building a mile away, and be thence communicated from building to building until it reached property not directly so affected, a fire originating would be indirectly caused by earthquake, and not directly.'

"In another case, of Willard against this same insurance company, Judge Van Fleet construed the policy in the same way; and his ruling was affirmed in an opinion delivered by

the United States Circuit Court of Appeals, 164 Fed. 404, [90
C. C. A. 392]. It is not necessary to quote from that case
or from other authorities. The cases cited fully support the
construction we have given to this policy."

Our further examination has satisfied us that the views expressed in the foregoing opinion are correct. In answer to
certain suggestions made by appellant in its petition for a
hearing of the cause in this court, we may add that we do not
understand the opinion now approved by us to hold that,
under the facts stated in defendant's offer of proof, the earthquake was, as matter of law and for all purposes, to be regarded as a remote rather than the proximate cause of the
loss. The conclusion reached by the court of appeal is based
on the peculiar phraseology of this particular policy, which
makes a distinction between loss caused *"directly or indirectly"* by certain means other than earthquake and "loss
or damage occasioned by or through" earthquake. The omission of the words "directly or indirectly" from the clause
dealing with earthquake justifies a limitation of that clause
to loss occasioned *directly,* as well as proximately, by earthquake. The grounds and the result of this construction are
more fully and very satisfactorily set forth in the opinion
of the United States Circuit Court of Appeals in *Williamsburgh City F. I. Co.* v. *Willard,* 164 Fed. 404, [90 C. C. A.
392], one of the cases cited by Mr. Justice Cooper.

The order is affirmed.