[Civ. No. 1015.   Third Appellate District.—September 28, 1912.]

## ROSE BURTON, Appellant, v. THE COLUMBIAN NATIONAL LIFE INSURANCE COMPANY, Respondent.

LIFE INSURANCE — DEDUCTION FROM POLICY OF UNPAID PREMIUM — INAPPLICABILITY TO OVERDUE PREMIUM FORFEITING POLICY.—A provision in a policy of life insurance, agreeing to pay upon the death of the insurer, to the beneficiary named, the amount of the policy, "less all indebtedness to the company on this policy, together with any unpaid premium or portion of the premium for the then current year," can only apply to such unpaid premium or part thereof as was not due at the time of the death, or an extension of the time for payment of which had not then expired; and must be held inapplicable to the deduction of any overdue premium forfeiting the policy as such, "except as herein provided," which exception has no reference to any overdue premium.

ID.—CONSTRUCTION OF EXCEPTION TO FORFEITURE CLAUSE — OPTIONS AFTER THREE YEARS PAYMENTS—INAPPLICABILITY—ABSOLUTE FORFEITURE.—The exception to the forfeiture clause, "except as herein provided," refers only to an ensuing provision in the policy, that after premiums have been paid for the period of three years, the insured may avail himself of specified options.   But since in fact only one year's premium had been paid, and the insurance policy was forfeited for nonpayment of the second premium, when due, the forfeiture therefor was as absolute as if the words of exception had not been contained therein, and they must be disregarded in that case.

ID.—LIFE INSURANCE NOT TO BE BASED ON CREDIT FOR OVERDUE PREMIUMS UNPAID—FORFEITURE FOR NONPAYMENT A PROTECTION.—A life insurance company cannot be expected or required to base its business on credit for overdue premiums unpaid, looking to itself alone for their payment by deduction from the policy in case of death.   Forfeiture for nonpayment is a necessary means of protecting the company from embarrassment.   Nonpayment at the time specified, if such be the terms of the contract, involves a forfeiture. A construction of the policy is to be rejected, which would involve notice to policy-holders that they incur no risk by defaulting payment of an annual premium for the period of one year.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

E. A. Holman, for Appellant.

L. A. Redman, for Respondent.

CHIPMAN, P. J.—A general demurrer was sustained to the complaint and defendant had judgment from which plaintiff appeals. The action was commenced to enforce the payment of a life insurance policy payable to plaintiff, wife of the insured. It appears from the complaint that defendant company issued its policy February 12, 1909, upon the life of Walter B. Burton; that, on August 9, 1910, said Walter Burton died; that, in the month of August, 1910, plaintiff made due proofs of death and demanded payment under said policy but defendant denied all liability. It further appears from the complaint "that the current year's premium for 1910 was not paid except as provided for in said policy that said premium be deducted from said $5,000.00"; that said plaintiff, since the delivery of said proofs of loss, has given defendant written authority "to deduct any premium unpaid, with interest, from the amount due under said policy and has elected to take said sum due under said policy in one sum in cash." A copy of the policy sued upon is attached to the complaint as part thereof. The clauses of the policy referred to by counsel and bearing upon the sufficiency of the complaint are as follows:

"The Columbian National Life Insurance Company of Boston, Massachusetts, agrees to pay five thousand dollars to Rose Burton, wife of the insured hereunder beneficiary, or to such beneficiaries as may have been designated in the manner herein provided, at the home office of the company in Boston, upon receipt of satisfactory proofs of the death of Walter B. Burton, of Berkeley, state of California, the insured, within seven years from the date hereof, less all indebtedness to the company on this policy, together with any unpaid premium or portion of the premium for the then current policy year.

"This policy is issued in consideration of the sum of eighty-eight 95-100 dollars the receipt of which is hereby acknowledged, and of the payment of a like sum on the twelfth day of February in every year until seven full years' premiums have been paid or until the prior death of the insured, the balance, if any, of the then current year's premium to be deducted in any settlement hereof.

"The benefits, conditions and privileges on pages two and three are part of this contract as fully as if recited over the signatures."

Other provisions are as follows:

"Failure to pay any premium, or any note given for any premium when due will void this policy without further notice and forfeit all premiums to the company except as herein provided."

"All premiums are payable annually in advance, but they may be paid semi-annually or quarterly . . . if the insured shall in writing request such change in his policy. But no premium or installment thereof shall continue the policy in force beyond the period for which said payment is made."

. . .

"After the premiums have been paid on this policy in full for the period of three years the insured within thirty days after any default in the payment of a subsequent premium, may avail himself of the following options." Then follows a statement of several options which need not be stated as the insured did not pay but one year's premium.

It is conceded that no premium was paid except for the first year. The insured died after the time stipulated in the policy for the payment of the second annual premium and without having made such payment. The premium for 1910 was due and payable in February and the insured died in August, 1910.

Plaintiff's contention is that the company agreed to pay the amount of the policy as provided therein, "less all indebtedness to the company on this policy, together with any unpaid premium or portion of the premium for the then current year"; that, as held in *Pacific etc. Co.* v. *Williamsburg Fire Ins. Co.*, 158 Cal. 367, [111 Pac. 4], exceptions in a policy must be strictly construed against the insurer and liberally in favor of the insured and where there is ambiguity or doubt it must be resolved in favor of the insured. The claim is that there is here a "direct contract to pay to the beneficiary upon death within seven years the sum of $5,000.00, less all indebtedness to the company, together with any unpaid premium for the then current year"; that, "as there is only one annual premium and it is expressly contemplated that, if it is unpaid for the then current portion of the year

at the time of the death, it is to be deducted, and manifestly provision is thus made for its payment if unpaid and the policy remains in force and the premium is earned.''

But the policy was issued in consideration of the sum of $85.95, the first payment, ''and of the payment of a like sum on the twelfth day of February in every year until seven full years' premiums have been paid,'' etc.; and the policy provides that—''Failure to pay any premium, . . . will void this policy . . . except as herein provided.'' Plaintiff's contention is that the exception referred to is the current year's premium if unpaid which is to be deducted and the balance paid. In other words, that the reservation by the company of the right to deduct overdue premium from the face of the policy is equivalent to extending the time for the payment for such premium. In reply, counsel for respondent states the matter correctly, as we conceive it to be. We quote from his brief:

''The time for the payment of premiums may be and frequently is extended by insurers by an independent agreement. If during such extension the insured dies the policy of course remains in force but, except for the provision in the policy authorizing it to do so, the company could not offset the premium against the face of the policy. The beneficiary of a life insurance policy is under no contractual or other obligation to pay the premium. The right to such payment as against the beneficiary is secured by the provision referred to. This provision does not purport to extend the time for the payment of the premium and such a construction of it would bring it into direct conflict with the clause of the policy requiring all premiums to be punctually paid.

''Counsel for appellant argues that his construction of the policy is supported by the words 'except as herein provided' in the forfeiture clause. But this is not so. The words 'except as herein provided' imply of course that in some instances a total forfeiture does not follow the failure to pay a premium when due. And such is the case. The policy elsewhere provides that after premiums have been paid *for the period of three years* the insured within thirty days after default in the payment of a subsequent premium may avail himself of certain options. This is manifestly the exception referred to in the forfeiture clause. The words 'except as

herein provided' were inserted in that clause to harmonize it with the exception noted. The policy in the case at bar not having been in force for three years, the forfeiture clause should be read, so far as plaintiff is concerned, just as if the words 'except as herein provided' had been omitted therefrom. They have no relation whatever to the provision of the policy authorizing the company to deduct from the face thereof an unpaid premium the time for payment of which has been extended.''

Appellant's construction of the contract means that the company engaged to conduct its business on credit, looking to itself alone for the payment of annual premiums from the insured by deducting them from the policy in case of death. A company conducting a life insurance business upon such a basis could not long survive. As was said in *Imperial Fire Ins. Co.* v. *Coos County,* 151 U. S. 452, [38 L. Ed. 231, 14 Sup. Ct. Rep. 379] : ''All the calculations of the insurance company are based on the hypothesis of prompt payments. They not only calculate on the receipt of the premiums when due but on compounding interest upon them. It is on this basis that they are enabled to offer assurance at the favorable rates they do. Forfeiture for nonpayment is a necessary means of protecting themselves from embarrassment. Unless it were enforceable the business would be thrown into utter confusion. . . . Delinquency cannot be tolerated nor redeemed except at the option of the company. This has always been the understanding and the practice in this department of business. . . . Nonpayment at the day involves absolute forfeiture, if such be the terms of the contract, as is the case here.'' To give to the exception the construction contended for by appellant would in effect abrogate all the conditions designed to compel prompt payment, one of which is expressly made a consideration for the continuance of the risk. Of course, we are not to make contracts for parties but, on the contrary, must enforce them however improvidently made. And, in insurance contracts, we must, as we have seen, resolve doubtful and ambiguous clauses in favor of the insured. We do not think, however, that there can be any doubt as to what part of the policy the exception in question was intended to apply. It would, we think, be unreasonable and without warrant, by the terms of the contract, to hold

that the exception applied to unpaid premiums thus destroying one of the foundation stones on which life insurance is based. Appellant's construction, if adopted, would be notice to all policy-holders that they incur no risk by defaulting in the payment of any annual premium for the period of one year. We cannot accept this view of the policy.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 27, 1912.