ELIAS R. BARTON *et al.*, Appellants, *v.* THE HOME INSURANCE COMPANY OF NEW YORK, Respondent.

1. *Insurance Policies—Causes of Exclusion—Construction.*—A policy of insurance contained the following clause: "Provided, always, and it is hereby declared, that this corporation shall not be liable to make good any loss or damage which may happen by means of any invasion, insurrection, riot, or civil commotion, or of any military or usurped power, or of any loss by theft at or after the fire:" *Held,* that the clause of exclusion was intended to cover acts of spoliation or burning committed by an army of invasion or rebellion, even when performed without any direct commands from the superior officers The real question to be settled in determining the meaning of the clause is, did the fire happen, or the loss occur, by reason of, or in consequence of, the military and usurped power of the rebels, and were they the proximate cause of the burning and destruction of property?

*Appeal from Howard Circuit Court.*

*Adams & Shackelford,* and *R. F. Wingate,* for appellants.

I. The plaintiffs' hemp was stored in a warehouse in Glasgow, within the military lines of an army then in absolute possession

of the place, under regular officers and leaders, constituting a part of the armies of the late rebellion. This army was a "usurped power," within the meaning of the policy. To shield itself under the defense that the plaintiffs' hemp was burned by means of this usurped power, it was incumbent on the defendant to prove that the usurped power was the proximate cause of the loss; and to do this it was necessary to show that the hemp was set on fire by the authority of that usurped power. (Ellis on Life & Fire Ins., Shaw's ed., 103–109; Drinkwater v. The Corporation of the London Assurance, 2 Wil. 363; Langdale v. Mason, 2 Park. 657, 7th ed.; 2 Marsh. on Ins. 793.)

*Draffin, Hutchison & Muir*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action upon a policy of insurance for $10,000, issued by defendant to plaintiffs, on a lot of hemp stored in a warehouse belonging to B. W. Lewis, in the city of Glasgow, in Howard county, in this State. The hemp was destroyed on the 17th day of October, 1864, by fire, while an armed and organized force of the rebel army held military possession and control of the place. The evidence shows most clearly that when, on the 15th day of October, the national soldiers were overpowered and compelled to surrender to the rebels, the latter force held absolute and exclusive possession of the place till the evening of the 17th day of the month, and that their forces had not evacuated the town till after the fire had consumed the hemp. As to the origin of the fire, whether it occurred by the act of the rebel soldiers or was communicated by their camp-fires, there is some doubt, and we do not propose to discuss it, as it properly belongs to the province of a jury. It is certain, however, that there is no evidence that the burning was authorized by an order from the commander of the forces. It appears from the record that the citizens were badly frightened, and that the rebel guard, stationed near the warehouse, would not permit them to go near it. The policy of insurance contains this clause: "Provided, always, and it is hereby declared, that this corpora-

11—VOL. XLII.

tion shall not be liable to make good any loss or damage by fire which may happen by means of any invasion, insurrection, riot, or civil commotion, or of any military or usurped power, or of any loss by theft at or after the fire." The defendant contends that it is exempted from the payment of the loss by reason of the above-recited proviso; but it is argued by the plaintiffs that, to constitute an exemption in consequence of usurped power, it must be shown that the property was destroyed by the order or direction of the officer commanding the rebel army. We lay out of view all that part of the case, and the instructions given in relation to riot, as there is nothing to show that the property was burned by reason of a riot, either in the manner contemplated by the policy or by law. If the defendant is not liable, it is on account of the exclusion, in the policy, of loss happening by means of military or usurped power.

The whole case turns upon the construction which shall be given to these words. With respect to the rules of construction in policies of insurance, except in cases relating to warranties, it is the duty of the court to adopt the construction that, in their judgment, shall best correspond with the real intentions of the parties. As far as our investigations have led us, this is a case of new impression in this country; and the reason is manifest, because we have had but one great rebellion in the whole period of our history which would enable the clause to have any force or application. In the case of Drinkwater v. The Corporation of the London Assurance Co., 2 Wils. 363, the covenant upon a policy of insurance against fire provided that the defendants should not be liable in case the house was burnt by reason of any invasion, foreign enemy, or any military or usurped power. The house was burnt by a mob, and it was held not within the proviso. Wilmot, C. J., in his opinion, said: "My idea of the words, 'burnt by usurped power,' from the context, is that they mean burnt or set on fire by occasion of an invasion from abroad, or of an internal rebellion when armies are employed to support it." Now, the contract was made between the parties with reference to the usual risks incurred in ordinary times. The extraordinary hazards arising from insurrection, invasion, military and usurped power,

when the arm of the civil magistrate is powerless, are expressly guarded against and excluded. It would be doing violence to the language which the parties have seen fit to use, and would be also a strained and unnatural interpretation of their meaning, to say that the insurer would be liable in all cases, except where he could show that the burning took place by order of the officer immediately commanding the rebellious forces. The language in the proviso is, that the company shall not be liable for any loss or damage by fire which may happen by means of invasion, military or usurped power, etc. If the military or usurped power, or the invasion, was the means that occasioned, or the proximate cause of, the loss, then the company cannot be held liable within the terms of its contract. An army of invasion or engaged in rebellion is liable to commit acts of spoliation or burning without any direct commands from the superior officers, and the insurer certainly never intended to incur any risk by reason of such acts. To exonerate the defendant from its liability, it is not material how or in what way the fire originated, provided it was within the range of any one or more of the excepted causes. The real question is, did the fire happen or the loss occur by reason of or in consequence of the military and usurped power of the rebels being in Glasgow, and were they the proximate cause of the burning and destruction of the property? If so, the judgment should be for the defendant; otherwise, for the plaintiff. It will be unnecessary to notice the instructions in detail, as the cause will have to be retried in accordance with the above views.

The judgment of the District Court will be affirmed and the cause remanded to the Circuit Court, to be proceeded with in conformity to the foregoing opinion. The other judges concur.