CONNER et al. v. MANCHESTER ASSUR. CO. OF MANCHESTER, ENGLAND.

(Circuit Court of Appeals, Ninth Circuit. May 23, 1904.)

No. 1,029.

1. INSURANCE—STIPULATIONS—WARRANTY.

A stipulation in a fire policy that the insurance company should not be liable for loss caused, directly or indirectly, by order of any civil authority, is not a warranty within Cal. Civ. Code, §§ 2607, 2608, providing that a statement in a policy of a matter relating to the thing insured or to the risk as a fact, and a statement which imports that it is intended to do or not to do a thing which materially affects the risk, is a warranty.

2. SAME—OPEN POLICY—PROVISIONS—ENFORCEMENT.

Where complainants accepted an insurance certificate insuring their crop against fires subject to all the terms and conditions of a certain open policy in defendant's possession made a part of the certificate, plaintiffs were bound by the provisions of such open policy though they had no knowledge thereof.

3. SAME—FIRES—POLICE REGULATIONS—DE FACTO AUTHORITY.

Where the supervisors of a county ordered fires to be started on certain pasture land for the purpose of destroying insects which were injurious to fruit crops, etc., under Cal. St. 1897, pp. 465, 466, c. 277, authorizing such supervisors to provide for the destruction of insects and to make sanitary regulations not in conflict with general laws, such supervisors had de facto authority to start the fire, which was sufficient to relieve an insurer of grain destroyed thereby, under a provision in the policy that insurer should not be liable for any loss occasioned by order of any civil authority, though the fire was started on other property, and the burning of plaintiff's grain was occasioned by the fire getting beyond control.

In Error to the Circuit Court of the United States for the Northern District of California.

On June 9, 1902, the defendant in error, in consideration of a premium paid it by the plaintiffs in error, executed and delivered to them a certificate of insurance, certifying that in consideration of the payment of said premium, it insured them against loss or damage by fire to the amount of $3,300 on their interest in a certain grain crop situated on certain described premises. The certificate proceeded to recite that it was understood and agreed that the insurance "is subject to all the terms and conditions embraced in open policy numbered 3,301,070, which is made a part hereof to the amount specified herein." Among the terms and conditions embraced in said open policy so referred to in the certificate were the following: "This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority." The plaintiffs in error did not at any time see the said "open policy," nor did they know of the conditions thereof prior to the fire hereinafter referred to, and said policy always was in the exclusive possession of the defendant in error. In the month of June, 1902, lands in the county in which the land referred to in the certificate is situated were threatened with public disaster by a plague of grasshoppers, and on June 17, 1902, the board of supervisors of said county made an order referring to the threatened danger from said pest, and reciting that the only practical method of destroying the same and saving the orchards and vineyards in said county was by burning the grass upon certain pasture land, and ordering that the grass thereon be condemned and destroyed by fire. The order was carried out, and the fire was started at a point from three to four miles distant from the land upon which the grain of the plaintiffs in error was situated, but it got beyond control and reached the land of the plaintiffs in error, and burned

their grain insured as aforesaid, and no other fire contributed to the loss. On these facts the Circuit Court, on an action brought to recover on the policy, denied the right of the plaintiffs in error to recover.

Rosenbaum & Scheeline, for plaintiffs in error.

Goodfellow & Eells, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

It is contended on behalf of the plaintiffs in error that they are not bound by the terms and conditions expressed in the "open policy" referred to in the certificate of insurance, for the reason that they never assented thereto, and that said provisions were not contained in the instrument which they received from the insurance company. They rely upon the following sections of the Civil Code of California:

"Sec. 2605. Every express warranty, made at or before the execution of a policy, must be contained in the policy itself, or in another instrument signed by the insured, and referred to in the policy, as making a part of it."

"Sec. 2607. A statement in a policy, of a matter relating to the person or thing insured, or to the risk, as a fact, is an express warranty thereof.

"Sec. 2608. A statement in a policy, which imports that it is intended to do or not to do a thing which materially affects the risk, is a warranty that such act or omission shall take place."

It is contended that under these provisions of the Code the stipulation referred to in the so-called "open policy," that the insurance company should not be liable for loss caused directly or indirectly by order of any civil authority, is a warranty, and is therefore no part of the insurance contract, since it was not contained in the policy itself, nor in another instrument signed by the insured and referred to in the policy as making a part of it. We do not think the statute was intended to create any new definition of a warranty in insurance. In Bouvier's Law Dictionary it is said that a warranty in insurance is "a stipulation or agreement, on the part of the insured party, in the nature of a condition"; and in Phillips on Insurance, § 754, it is said:

"An express warranty is an agreement expressed in the policy, whereby the assured stipulates that certain facts are or shall be true, or certain acts shall be done relative to the risk. It may relate to an existing or past fact, or be promissory and relate to the future."

Section 2605 of the Civil Code of California was evidently intended to express in statutory form the rule that no express warranty made by the insured shall affect the contract of insurance, unless it be contained in the policy or in the application, or some other instrument signed by the insured and made a part of the contract, and is in effect an affirmance of the generally accepted doctrine applicable to such contracts. Section 2607 proceeds to define an express warranty in insurance, and declares it to be a statement of a matter relating to the person or thing insured, or to the risk, as a fact. Its language is entirely compatible with the ordinary definition of warranty as given in the authorities above cited. A stipulation in an insurance policy providing that the company shall not be liable for loss from certain specified causes is not

a warranty, as that term is generally used in fire insurance contracts, nor is it, under the terms of the statute, a statement of a fact relating to the person or thing insured, or to the risk. A warranty in such insurance contracts is a statement of fact made by the insured, on which the insurer relies, and on the strength of which he enters into the contract.

The plaintiffs in error cite Levi v. Allnutt, 15 East, 207, Levy v. Vaughn, 4 Taunton, 387, and Oom v. Taylor, 3 Camp. 207, in which it appears that in certain marine policies of insurance stipulations similar to that contained in open policy No. 3,301,070 were denominated "warranties." In the first two cases the policies contained the stipulation, "Warranted free from confiscation by the government in the ship's port or ports of discharge." In the third case the stipulation was, "Warranted free of capture and seizure in the port of discharge." But it will be observed that while these so-called "warranties" are in their substance exemptions of the insurance companies from liability from the specified causes, they are in form undertakings upon the part of the insured, and not upon the part of the insurer; and this fact undoubtedly accounts for the use of the term "warranted"—a use not in harmony with the generally accepted meaning of the word in modern policies of fire insurance.

The plaintiffs in error rely upon the decision of the Supreme Judicial Court of Massachusetts in Eastern Railroad Co. v. Relief Fire Ins. Co., 98 Mass. 420, but the statute of California, it is to be regretted, differs materially from that of Massachusetts. The latter adopts the salutary provision that in fire insurance "the conditions of the insurance shall be stated in the body of the policy, and neither the application of the insured, nor the by-laws of the company, shall be considered as a warranty or a part of the contract, except so far as they are incorporated in full into the policy and so appear on its face before the signatures of the officers of the company." The court in that case pointed out the beneficent features of the statute, and said that its purpose was to prevent just claims under policies of insurance against loss by fire from being defeated by the provisions of other documents which the courts had previously been obliged to hold to be binding on the assured, because in law a part of the contract of which he often had no actual knowledge or appreciation. The plaintiffs in error cite this expression of the court as applicable to their case, and advert to the fact that they paid for and accepted the certificate of insurance, which declared in general terms that they were insured against loss by fire, but which elsewhere referred to another instrument, presumably a blank form of policy, containing certain limitations of the risk assumed, which policy they never saw and the terms of which they never knew. To that contention the law makes this answer: The plaintiffs in error accepted an instrument which contained a reference to another instrument in which were embodied the limitations, and which were made a part of the contract. They were presumed to know the contents of the paper which they received, and if they had read it they would have observed that it referred to and adopted the provisions of the other instrument. They had the right to demand an inspection of that instrument, and, if inspection had been refused, to decline to enter into the contract.

It is contended, further, that the property was not directly or indi-

rectly destroyed by order of civil authority; that there was no law authorizing the supervisors of a county to destroy the property of the citizens thereof; and that the property of the plaintiffs in error was destroyed by accident or neglect, and without their fault. The record of the findings of the trial court shows that the fact was established that the fire was started under an order of the supervisors of the county. The Statutes of California of 1897, pp. 465, 466, c. 277, confer authority upon the supervisors of a county to provide for the destruction of insects injurious to fruit trees, vines, or plants, and to make and enforce local police, sanitary, and other regulations not in conflict with general laws. But whether or not there was lawful authority to start the fire which indirectly caused the damage in this case, there was de facto authority. The order was in fact made, and made by the officers to whom the said powers were given, and thereby the loss occurred. This, we think, excuses the insurance company. Barton v. Home Insurance Co., 42 Mo. 156, 97 Am. Dec. 329. The facts that the loss was the result of a fire started on other property, and that the property of the plaintiffs in error was not ordered to be burned, do not render the exemptions of the policy inapplicable. There was but one fire. It was ordered by civil authority. It indirectly caused the loss, and there was no intervening cause. Insurance Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395; Grand Trunk R. R. Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Krippner v. Biebl, 28 Minn. 139, 9 N. W. 671.

The judgment of the Circuit Court is affirmed.