COMMERCIAL UNION ASSUR. CO., Limited, v. PACIFIC UNION CLUB.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1909.)

No. 1,618.

INSURANCE (§ 421*)—POLICY—INSTRUCTIONS—LOSS—PROXIMATE CAUSE—"CAUSED DIRECTLY OR INDIRECTLY BY EARTHQUAKE."

A fire policy insured plaintiff's property against all direct loss or damage by fire, except as otherwise provided in the policy; one of the exceptions being against loss caused directly or indirectly by earthquake. The property located in San Francisco was wholly destroyed by fire on April 19, 1906, but the insurer pleaded that the loss would have been prevented by the use of the city's water supply had not such use been rendered unavailable by the breaking of the city's water mains by an earthquake shock on the preceding day. *Held*, that the loss was not "caused directly or indirectly by earthquake," within the exception, and that the fire, and not the earthquake, was the proximate cause thereof.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 421.*]

In Error to the Circuit Court of the United States for the Northern District of California.

T. C. Van Ness, for plaintiff in error.

Pillsbury, Madison & Sutro, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was an action upon a policy of fire insurance issued by the plaintiff in error to the defendant in error insuring certain described property "against all direct loss or damage by fire except as" thereinafter otherwise provided; one of which subsequent provisions being that the company should not be liable "for loss caused directly or indirectly by earthquake."

It is not denied that the property insured, which was situated in the city of San Francisco, was subsequently, and during the life of the policy, totally destroyed by fire on the 19th of April, 1906. Basing its defense upon the exemption provision mentioned, the insurance company set up in its amended answer, in effect, that the loss in question would have been prevented by the use of the water supply of the city had not its use been prevented by the breaking of the water mains by an earthquake shock or shocks occurring on the preceding day, to wit, April 18th, from which it is argued by its counsel that the earthquake, and not the fire, was the proximate cause of the loss

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sustained by the defendant in error. The ruling of the trial court against that contention constitutes the sole question presented by this writ of error.

We are of the opinion that the point is without merit. The insurance was against all direct loss or damage by fire, with the exception that for such loss—that is to say, loss by fire—"caused directly or indirectly by earthquake" the company should not be liable. What did the parties mean by this express language of their contract? Is it at all reasonable to suppose that, when the company stipulated for exemption for loss by fire "caused directly or indirectly by earthquake," it meant that it should not be liable for any loss or damage by fire which could be prevented by the use of the water supply of the city in the event its use be prevented by the breaking of the water mains by an earthquake shock or shocks? As well might it also be said that the company meant that it should not be liable for any loss or damage by fire which could be prevented by the use of the fire department of the city of San Francisco in the event its use be prevented by the destruction of its apparatus, or the killing or disabling of its men or horses by an earthquake shock or shocks. If such was the meaning of the language employed in the policy, and such meaning had been expressly stated in it, can it be thought for a moment by any one that the insured would have accepted and paid for the policy in question? We think not. And, if not, is any court justified in so construing the policy as to make it mean what the parties cannot be fairly said to have agreed to? Certainly not.

The true rule for the construction of such instruments is thus stated by the Supreme Court in Peters v. Warren Insurance Company, 14 Pet. 99, 108, 10 L. Ed. 371:

"If there be any commercial contract which, more than any other, requires the application of sound common sense and practical reasoning in the exposition of it and in the uniformity of the application of rules to it, it is certainly a policy of insurance; for it deals with the business and interests of common men, who are unused to deal with abstractions and refined distinctions."

No question of water supply appears to have entered into the contract in question. It contains no clause imposing any obligation on the insured in respect to water, or specifying any consequences to result from a lack of such supply by the city or any other third party. We can understand, of course, that a failure to keep a supply of water on hand by one who is obligated to do so may subject that one to damages for the wrong in favor of the aggrieved party; but we cannot understand how a nonexistent supply of water can be either the moving cause of a fire, or a link in any chain of moving causes.

We think the court below was right in its ruling that the matters set out in the amended answer constitute no defense to the action.

The judgment is affirmed.