[No. 9251.    Department One.    February 4, 1911.]

E. HOCKING, *as Administrator of the Estate of H. E. Dean, Deceased, Appellant,* v. BRITISH AMERICA ASSURANCE COMPANY, OF TORONTO, CANADA, *Respondent.*[1]

INSURANCE—FIRE INSURANCE—POLICY—EXEMPTION. Under a policy of fire insurance exempting the company from liability "for the loss caused directly or indirectly by invasion, insurrection, riot, civil war, or commotion, or military or usurped power, or by order of any civil authority or by theft," the word "indirectly" covers all the causes named, and the company is not liable for a fire resulting from fumigation ordered by the board of health.

SAME—CAUSE OF FIRE. In such a case, the proximate cause of the fire is the order directing the fumigation, and not the negligence of the officers.

[1]Reported in 113 Pac. 259.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 13, 1910, granting a nonsuit in an action upon a policy of fire insurance.   Affirmed.

*Walter A. Keene*, for appellant.

*Granger & Clarke*, for respondent.

GOSE, J.—This is an action upon a policy of insurance for $1,000, issued by the defendant to the plaintiff's intestate, insuring him for the term of three years from the 21st day of November, 1906, against all direct loss or damage by fire to a certain building, occupied by the insured as a residence and situated at Hot Springs Station, in King county.   On the 25th day of June, 1908, and within the life of the policy, the building was totally destroyed by fire.   The policy of insurance contains this clause:

"The company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war, or commotion, or military or usurped power, or by order of any civil authority or by theft."

The defendant claims that the clause quoted exempts it from liability.   It bases its exemption upon the following facts:   The insured died of smallpox the day preceding the fire, and was removed from the house for burial about one hour before the fire occurred.   The fire resulted from a fumigation of the house, ordered by the board of health.   At the close of the plaintiff's testimony, a judgment of nonsuit was entered. The plaintiff has appealed.

The appellant first contends that the word "indirectly" has reference only to the causes preceding the phrase "or by order of any civil authority;" that this is made plain by the use of the word "by" in the phrase last quoted, and that the exemption in that clause is available only in case of loss occurring "directly" by order of some civil authority.   It is also said that the clause "or by theft" gives support to this

view. We think that such a construction would do violence
to the language which the parties have seen fit to use, and that
it would be also a strained and unnatural interpretation of
their meaning. As was said in *Insurance Co. v. Boon,* 95 U.
S. 117:

"Policies of insurance, like other contracts, must receive a
reasonable interpretation consonant with the apparent ob-
ject and plain intent of the parties. This is entirely con-
sistent with the rule that ambiguities should be construed
most strongly against the underwriters, and most favorably
to the assured."

It is also contended that the proximate cause of the fire
was the negligence of the health officer, and that the fire was
not even the indirect result of the order of the board. It is
argued that the exemption was only intended to apply to a
case where the property is destroyed by some direct act of the
civil authority to prevent the spread of fire or disease or such
like. We think the contention is not sound. Putting aside
refined distinctions, it is obvious that the preponderating or
producing cause of the fire was the order of the board of
health directing its inferior officers to fumigate the house.
The civil authority put its own agency into operation, and
the fire was the indirect result. There was no intervening
cause. The proximate cause is the efficient cause, the one
which puts the other causes into motion. *Conner v.
Manchester Assur. Co.,* 130 Fed. 743, is in point. In that
case the defendant had insured a crop of grain for the plain-
tiff against loss or damage by fire. By order of the board of
supervisors of the county in which the insured property was
situate, a fire was started in the grass upon certain pasture
land, at a point three or four miles distant from the land
upon which the plaintiff's grain was situated, for the purpose
of destroying grasshoppers and averting the disaster which
their presence threatened. The fire got beyond control, spread
to the plaintiff's land, and burned his grain. The policy

contained a clause identical with the one under consideration. In applying it to the facts in the case, the court said:

"The facts that the loss was the result of a fire started on other property, and that the property of the plaintiff in error was not ordered to be burned, do not render the exemptions of the policy inapplicable. There was but one fire. It was ordered by civil authority. It indirectly caused the loss, and there was no intervening cause."

citing *Insurance Co. v. Boon*, 95 U. S. 117; *Grand Trunk R. Co. v. Richardson*, 91 U. S. 454. See, also, *Barton v. Home Ins. Co.*, 42 Mo. 156. The case of *Insurance Co. v. Boon, supra*, contains an exhaustive discussion of the principles applicable in stipulations like the one under consideration, and supports the view announced in the text.

The appellant relies upon the case of *Commercial Union Assur. Co. v. Pacific Union Club*, 169 Fed. 776. In that case it was not denied that the insured property was totally destroyed by fire. The policy, however, provided that the company should not be liable "for loss caused directly or indirectly by earthquake." Under this clause it was contended that the loss would have been prevented by the use of the water supply of the city, had not its use been prevented by the breaking of the water main by an earthquake shock occurring the day preceding the fire; and that the earthquake and not the fire was the proximate cause of the loss. In answering this argument, the court said:

"What did the parties mean by this express language of their contract? Is it at all reasonable to suppose that, when the company stipulated for exemption for loss by fire 'caused directly or indirectly by earthquake,' it meant that it should not be liable for any loss or damage by fire which could be prevented by the use of the water supply of the city in the event its use be prevented by the breaking of the water mains by an earthquake shock or shocks? As well might it also be said that the company meant that it should not be liable for any loss or damage by fire which could be prevented by the use of the fire department of the city of San Francisco in the event its use be prevented by the destruction of its apparatus,

or the killing or disabling of its men or horses by an earthquake shock or shocks."

Other interesting questions are presented by the record, but the view we have taken of the exemption clause makes it unnecessary to consider them.

The judgment is affirmed.

DUNBAR, C, J., MOUNT, PARKER, and FULLERTON, JJ., concur.