PORT WASHINGTON NATIONAL BANK AND TRUST COMPANY, as Executor, etc., of ALBERT A. MESSENGER, Deceased, Respondent, v. HARTFORD FIRE INSURANCE COMPANY, Appellant.— The plaintiff's intestate was the mortgagee named in a policy insuring certain premises against damage by fire. The policy contained the following provision: " This company shall not be liable for loss or damage caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority." Without the

knowledge of the mortgagee, there had been installed in a garage upon the premises an illegal and illicit still. The still was discovered by the Federal authorities, who proceeded to render it useless pursuant to section 1204 of title 26 of the United States Code. To aid them, they used acetylene torches and the building was inadvertently set on fire and damaged. Upon this conceded state of facts the plaintiff recovered judgment after a trial before the court without a jury. The judgment must be reversed and the complaint dismissed. It is to be presumed that the officers acted legally. (*Saunders* v. *Irwin*, 17 Hun, 342.) The proximate cause of the fire was the execution by the United States revenue officials of the mandate of the law that illicit stills should be rendered useless. (U. S. Code, tit. 26, § 1204.) The proximate cause is the efficient cause, the one that necessarily sets the other causes in motion. (*Insurance Co.* v. *Boon*, 95 U. S. 117.) Here the efficient cause, the one that set the other cause in motion, was the mandate requiring the officers to render the still unusable. While there is no authority directly in point in this State, the reasoning in *City Fire Ins. Co.* v. *Corlies* (21 Wend. 367) is analogous. The great weight of authority in our sister States is in harmony with the result reached here. (See *Hocking* v. *British America Assurance Co.*, 62 Wash. 73; 113 P. 259; *Conner* v. *Manchester Assur. Co.*, 130 Fed. 743; *Frisbie* v. *Fidelity & Casualty Co.*, 133 Mo. App. 30; 112 S. W. 1024, and *Insurance Co.* v. *Boon, supra.*) The contention of the respondent that the proximate cause was the installation of the illicit still is contrary to the authorities previously cited. Judgment reversed on the law, with costs, and complaint dismissed, with costs. Davis, Adel, Taylor and Close, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum: The proof here, pursuant to stipulation, is that the fire was caused by the use of an acetylene torch used by a representative of the Internal Revenue Department who was destroying an illicit still in the premises. It is claimed on this appeal that the still was being rendered useless pursuant to section 1204 of title 26 of the United States Code. There is no proof that this is so or even that the person with the acetylene torch was lawfully upon the premises. The section which is invoked sets forth jurisdictional prerequisites and there is no proof that these were complied with. Furthermore, the statute merely contemplates destruction of a still " only so far as to prevent the use thereof." It is no authority for the burning of the building. Even if it be assumed that the representative was complying with the provisions of the statute in destroying the still, the negligent use of the torch was an efficient and proximate cause intervening that limited authorization and the result thereby contemplated. In my opinion, the exception created by the provision in the policy which is relied on, should be strictly construed to mean the natural or normal consequences of the execution of the act authorized by the statute. If the burning of the building was the direct or indirect result of a proper compliance with the order, such a fire might then be said to have been " caused " by order of civil authority; but, of course, no such result was directed or contemplated. It was not the order of civil authority which caused the fire; it was the intervening and independent negligence of the departmental representative, and such negligence is not the subject of exemption from liability in the insurance policy.