We have been afforded the benefit of able argument and re-argument by learned and astute counsel in this case.
There are, admittedly, only two questions presented, — that of, first, the ambiguity of the "Hazards not Covered" clause of the policy, and, secondly the proximate cause of the loss suffered by the insured.
On a reading of the brief submitted by counsel for the defendant, it will be noted that he concedes, as indeed he must, the ambiguity of the "Hazards not Covered" clause, for he therein states:
"If the `Hazards not Covered' clause `must be ignored', then regardless of whether it hatches a brood of ambiguities, these ambiguities nor any of them, can serve to modify the coverage of the policy. Your Honors have said in language so clear that no one can question the import of the terms, that the `Hazards not Covered' clause does not and was not intended to `qualify the original coverage of the policy'. These are the very words of the court and we adopt them as our own without qualification."
On being informed, during argument on rehearing, that the sole question with which we were then concerned, was the ambiguity feature of the clause invoked, counsel for the defendant contended that the language in his brief was not, nor was it intended to serve as, an adoption of our reasoning and decree originally rendered. Conceding, arguendo, that our interpretation of the quoted portion of their brief be not as it is contended by learned counsel, we are still convinced that the clause in question is patently ambiguous and ineffective.
There arises no necessity to make further inquiry into the correctness of our original reasoning and decree on the question of the proximate cause of the loss occasioned.
A careful reconsideration of the merits of this case convinces us that our former decree is correct and that it should be reinstated.
For the reasons assigned, our original opinion and decree herein are reinstated as the final judgment of this court.
Original decree reinstated. *Page 391