ALECK WOOGMASTER *vs.* LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, LIMITED (and two companion cases [1]).

Suffolk. November 2, 1942. — December 1, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Insurance*, Sprinkler leakage insurance.

Property damage, resulting from a leakage in a sprinkler system in a building caused when a part of the roof of the building was lifted in the hurricane of September, 1938, was not covered by a policy of insurance which insured against all direct loss by sprinkler leakage, "except as

---

[1] The two companion cases are by the same plaintiff against Girard Fire and Marine Insurance Company and Phoenix Insurance Company.

herein provided" and contained another clause, entitled "Hazards not covered," providing that the insurer "shall not be liable for loss or damage caused directly or indirectly" by a number of causes, including "cyclone, tornado, windstorm."

THREE ACTIONS OF CONTRACT.   Writs in the Superior Court dated September 20, 1939.

The cases were tried before *Dowd,* J.

*C. C. Worth,* for the plaintiff.

*W. L. Came,* for the defendants.

RONAN, J.  The plaintiff, a dealer in woolen and cotton rags, owned and occupied a four-story brick building in Chelsea.  The hurricane of September 21, 1938, raised a portion of the roof of his building three feet, breaking certain pipes which were attached to the roof and comprised a part of the automatic sprinkler system, thereby permitting water to escape and damage the plaintiff's stock in trade which was valued at $18,500.  At the time this damage was sustained, the plaintiff carried three sprinkler leakage policies of insurance, one of which was issued by each of the defendants.  The terms and provisions of these policies, in so far as now material, were identical.  The insuring clause covered "all Direct Loss And Damage By 'Sprinkler Leakage,' except as herein provided."  Sprinkler leakage was by the policies defined "to mean leakage or discharge of water or other substance from within the 'Automatic Sprinkler System' resulting in loss or damage to property described herein."  Under a clause entitled "Hazards not covered" the policies provided that the company "shall not be liable for loss or damage caused directly or indirectly . . . by fire, lightning, cyclone, tornado, windstorm, earthquake, [or] explosion."  The cases were heard in the Superior Court upon a statement of agreed facts, and the judge found for the defendants.  The plaintiff excepted to the refusal of the judge to grant certain requests for rulings.

The immediate cause of the plaintiff's damage was the escape of water from the sprinkler system, but the escape of the water was directly attributable to the windstorm or hurricane of September 21, 1938.  See *Hoosac Tunnel & Wilmington Railroad* v. *New England Power Co.* 311 Mass.

667. *Krikorian* v. *Grafton Co-operative Bank, ante,* 272. The policies covered all loss or damage from sprinkler leakage "except as herein provided" which, it is clear, refers to the "Hazards not covered" clause which exempts the companies from all loss or damage caused directly or indirectly by a large number of causes that are expressly enumerated and include a windstorm. The question presented for decision is whether the purport and effect of the "Hazards not covered" clause are to exempt the insurer from loss and damage caused directly and solely by the hazards named and not from loss or damage from sprinkler leakage, however caused, as the plaintiff contends; or whether the clause is to be construed as limiting the insuring clause and excluding loss and damage arising from sprinkler leakage when the leakage was caused by any of the designated hazards, as the defendants contend.

Policies of insurance, like all other contracts, must be reasonably construed by giving to the words contained therein their usual and ordinary significance, unless it appears that they are to be given a peculiar or technical meaning, and by construing the various portions of the policy as parts of a single contract of insurance without according undue emphasis to any particular part over another; but if the terms of the policy are ambiguous then every doubt is to be resolved against the insurer. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467. *Estabrook* v. *Eastern Commercial Travelers Accident Association,* 308 Mass. 439. *Stankus* v. *New York Life Ins. Co., ante,* 366.

In determining the risk covered by these policies it is necessary to read the insuring and the "Hazards not covered" clauses together. The words "except as herein provided," which appear in the insuring clause, must be presumed to have been used for a specific purpose. They cannot be struck from the policies. Neither can they be ignored. Their apparent purpose was to limit the otherwise broad provisions of the insuring clause by excluding from its scope loss and damage arising from certain hazards or risks. Policies of fire insurance have frequently excepted

losses due to earthquakes or to orders of civil authorities even though these causes resulted in setting fire to and destroying the property described in the policies. *Baker & Hamilton* v. *Williamsburgh City Fire Ins. Co.* 157 Fed. 280. *Richmond Coal Co.* v. *Commercial Union Assurance Co. Ltd.* 159 Fed. 985. *Williamsburgh City Fire Ins. Co.* v. *Willard,* 164 Fed. 404. *McEvoy* v. *Security Fire Ins. Co.* 110 Md. 275. *Port Washington National Bank & Trust Co.* v. *Hartford Fire Ins. Co.* 253 App. Div. (N. Y.) 760. *Hocking* v. *British America Assurance Co.* 62 Wash. 73. See G. L. (Ter. Ed.) c. 175, § 99, Ninth.

Unless the "Hazards not covered" clause limited the scope of the insuring clause in the policies in question there would seem to be no reason for the insertion of such a clause. No one holding one of these policies could rightly claim that he was thereby insured against loss by fire, tornado, cyclone, windstorm, earthquake, riot and the various other causes mentioned in the "Hazards not covered" clause. There would be no reason for expressly exempting the insurers from losses directly or indirectly resulting from the hazards named if it was the intent to exclude them merely as causes independent of and separate from losses incurred by sprinkler leakage. If that were the only purpose of the exemption clause it would be unnecessary and meaningless. If the plaintiff's loss was not due to sprinkler leakage then he was not insured at all, but if he was damaged by such leakage then he was protected unless the leakage was caused either directly or indirectly by some one of the hazards mentioned in the clause exempting the companies from liability. In other words, he was not insured against all sprinkler leakage, however it may have been caused, but was insured against all sprinkler leakage excepting only that which resulted directly or indirectly from any of the hazards named in the exempting clause. Here the insurers exempted themselves from liability for sprinkler leakage due either directly or indirectly to a windstorm. That was not a risk covered by the policies. While the decisions dealing with the interpretation of policies like the ones in question are not uniform, we think the better rule is set forth in those

decisions holding that the contracts of insurance couched in language similar to or identical with those issued by the defendants do not cover loss or damage by sprinkler leakage caused by a hazard concerning which the insurer has exempted itself from any loss or damage directly or indirectly flowing therefrom.   The plaintiff was not entitled to recover upon the agreed facts.   *Insurance Co.* v. *Boon,* 95 U. S. 117.   *Maryland Casualty Co.* v. *Finch,* 147 Fed. 388.   *Luckett-Wake Tobacco Co.* v. *Globe & Rutgers Fire Ins. Co.* 171 Fed. 147.   *St. John* v. *American Mutual Fire & Marine Ins. Co.* 1 Kernan, 516.   *Hustace* v. *Phenix Ins. Co.* 175 N. Y. 292.   *Industrial Paper & Cordage Co.* v. *Aetna Ins. Co.* 65 R. I. 357.   *Bonds-Sanders Paper Co.* v. *Travelers Fire Ins. Co.* 12 Tenn. App. 479.

*Exceptions overruled.*