Keniston, C. J.
This is an action of contract in which the plaintiff as the holder of an insurance policy issued by the defendant seeks to recover for loss occasioned to his property while being carried by a common carrier.' The defendant claims that the loss is specifically excluded from the coverage of the policy. The pertinent provisions of the policy, so far as this report is concerned, are as follows:
“3. THIS POLICY INSURES AGAINST ALL RISKS OF LOSS OR DAMAGE TO SUCH PROPERTY, EXCEPT AS HEREINAFTER PROVIDED.
“4. THIS POLICY DOES NOT INSURE AGAINST OR COVER:
(a) Loss _ or damage caused by breakage, denting, marring, or scratching unless caused by fire, *240 lightning, theft and/or attempted theft, cyclone, tornado or windstorm (except as excluded in paragraph (m) below), earthquake (except as excluded in paragraph (n) below), flood, explosion, malicious damage, or collision, derailment, or overturn of conveyance. This exclusion shall not apply to paintings, etchings, water colors, drawings, brocades, tapestries and rugs.
(g) Mysterious or unexplained disappearance, or shortage disclosed by taking inventory.
“5. LIMITS OF LIABILITY
(e) $2500. in transit by Railway Express Agency, Inc., and/or public truckmen, it being warranted by the assured that .such shipments will be declared to the carrier for at least 20% of their value.”
The lost and damaged articles consisted of three barrels of Bennington pottery no longer manufactured and of value in the antique market.
There was evidence from which it could be found that six barrels of this pottery plus a tea chest containing books and other items belonging to the plaintiff were placed upon the truck of a common carrier in the town of Middleton, Massachusetts, one barrel being placed within the truck and five barrels and the tea chest on the tailboard of the truck and secured thereon by a rope. The truck traveled four or five miles over a country road to the Newburyport Turnpike and thence by the Turnpike through several townships onto the Lee Burbank Highway to the Sumner Tunnel and into Boston; that at the Boston end of the tunnel the driver was informed by the driver of a passing car that a barrel had fallen off the truck in the tunnel. It was then discovered that three of the barrels of pottery had fallen off the truck and were missing together with the tea chest and one barrel of excelsior. The route followed by the truck was retraced and in the tunnel itself there was found the tea *241 chest with some of its contents spilled on the roadway and some of the items on the catwalk. There were also excelsior and paper on the roadway of the tunnel. The truck retraced its route as far as Lynnfield. The only other evidence of the loss was found on the Lee Burbank Highway in East Boston where some of the excelsior, the hoop of one barrel and eleven fragments of the pottery were found at a place approximately three miles from the intown exit of the Sumner Tunnel. No other pieces of pottery, or of a barrel, were found anywhere and although the police of the cities of Boston and Revere were notified of the loss nothing further was heard therefrom.
The fragments found came from three distinct pieces of pottery but it was impossible to determine which pieces of pottery were represented by the fragments. In the three barrels lost were the more choice pieces of pottery with a value of $965. and missing from the tea chest were items with a value of $40. making a total of $1005. The entire shipment had been purchased by the plaintiff for $1080.
The plaintiff made no declaration of value in connection with the shipment. The day after the loss the plaintiff received from the common carrier a “Bill of Lading and Receipt Form” which provided in part: “Shippers are required to declare the released value of property as follows: Declared released values: The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $50. per article or package including contents thereof.”
The court found for the plaintiff in the sum of $1005.
The defendant claims to be aggrieved by the rulings upon the following two requests: “1. There is no evidence in this case that would warrant or support a finding for the plaintiff in connection with the loss of the 3 barrels. 2. There is no evidence of loss or damage to the plaintiff’s property *242 which resulted from any of the causes enumerated in paragraph 4(a) of the policy, viz; fire, lightning, theft and/or attempted theft, cyclone, tornado or windstorm, earthquake, flood, explosion, malicious damage or collision, derailment or overturn of conveyance.”
The court denied the first request and upon the second request ruled, “As to request No. 2, there was no evidence of loss or damage to plaintiff’s property resulting from fire, lightning, theft and/or attempted theft, cyclone, tornado or windstorm, earthquake, flood, explosion, malicious damage or collision, derailment or overturn of conveyance. The defendant did not, however, sustain the burden resting upon it of establishing that the plaintiff’s loss or damage wás caused by breakage, denting, marring or scratching. Except as above set forth, therefore, said request No. 2 is denied.”
It is the contention of the defendant so far as we can, follow its brief and oral argument that as a result of the discovery of the eleven fragments of pottery and portions of one of the barrels that it is a necessary inference that the other barrels fell off of the truck and that the contents thereof were broken and that thé trial judge was thus compelled to find that the plaintiff’s loss was by breakage and falls under clause 4(a) of the policy.
The ordinary and reasonable interpretation of the wording of clause 3, (Koshland v. Columbia Ins. Co., 237 Mass. 467, 471) viz: “against all risks of loss or damage to such property, except as hereinafter provided” is. that" the clause includes loss caused by the disappearance or deprivation of the property. The facts appearing in the report justified a finding by the trial judge that the primary or proximate cause of the loss of the plaintiff was that the articles were lost and the fact that some or even all of the articles may have been broken in connection therewith is *243 merely incidental to the primary or proximate cause of the loss. In this aspect of the case there was no error in the denial of the defendant’s first request.
We feel there was no error in the court’s ruling upon request No. 2. We see no distinction in principle between the provisions of the policy in this case and those in the case of Murray v. Continental Insurance Co., 313 Mass. 557 (for form of policy see Woogmaster v. Liverpool and London etc., Ins. Co., 312 Mass. 479). In that case there was a general insuring clause ending with the words “except as herein provided” and the following clause was headed “Hazards not Covered” and it was held that the burden of proof was on the insurer to show that the loss came within the excepting clause.
The defendant further contends that even if there was a loss by disappearance of the property that such loss falls under clause 4(g) of the policy “mysterious or unexplained disappearance or shortage disclosed by taking inventory”.
The trial judge was not compelled to find that this loss was mysterious or unexplained. The way the barrels and box were lost was known. They fell off the truck because they were insecurely fastened by the carrier.
The defendant’s argument, if followed, would seem to lead to the result that in any case where property disappears it is “mysterious”, unless it is found, in which case it would then cease to be lost property and there never would be coverage for lost property under clause 3 of the policy. This is not a reasonable construction of the policy.
Finally the defendant maintains that the court erred in assessing damages in that the plaintiff violated the warranty contained in clause 5(e) of the policy because he failed to declare the shipment to the carrier for at least 20% of its value.
*244 This question has not been raised by any request and therefore is not properly before us for determination. Gen. Laws, (Ter. Ed.) chap. 231, sec. 108. Reid v. Doherty, 273 Mass. 388, 389. Bresnick v. Heath, 292 Mass. 293, 296. Baker v. Davis, 299 Mass. 345, 348-349. Himelfarb v. Novadel Agene Corp., 305 Mass. 446, 447. Cueroni v. Coburnville Garage, Inc., 315 Mass. 135.
Even if the question had been properly raised it has no merit. The carrier’s bill of lading provided that in the absence of a stated declared released value that “the agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $50 per article or package including contents thereof”. The shipment consisted of six barrels and a tea chest upon which there would be an “agreed or declared value” of $50 per “package” or a total upon the six barrels and tea chest of $350. which is in excess of 20% of the total value of the shipment of $1080.
Report dismissed.