*Southern Division*

### HENRY BRANEY d/b/a TINY'S AUTO SALES

### v.

### PHOENIX OF LONDON GROUP

*Present*: Nash, P.J., Cox & Callan, JJ.

Case tried to *Driscoll, J.* in the Second District Court of Bristol (Fall River) No. 7546 of 1955.

*Cox, J.* In this action of contract the plaintiff seeks to recover the value of a trailer destroyed by the hurricane on August 21, 1954. There was a finding for the defendant on the grounds that the plaintiff failed to file proof of loss seasonably and that the trailer was not insured against the loss. Those two questions are reported for our determination.

We agree with the trial judge that the policy did not insure the trailer against the loss caused by the hurricane.

The policy is entitled "Automobile Physical Damage Policy". For an additional premium there was "Combined Additional Coverage" which insured against loss caused by windstorm. The answer to the question whether the trailer is included in this additional coverage is found in number 10 in the

conditions of the policy, which is as follows:
"10. *Automobile Defined; Trailers; Two or More Automobiles.*

Except where specifically stated to the contrary, the word 'automobile' wherever used in this policy shall mean the motor vehicle, trailer or semitrailer described in this policy. The word 'automobile' shall also include its equipment and other equipment permanently attached thereto. The word 'trailer' shall include semitrailer."

The policy insured the plaintiff against loss to automobiles consigned to or owned by him and held for sale or use in his business. There is no trailer described in the policy.

We construe condition 10 as meaning that the word "automobile" is a generic term which is used in numerous places throughout the policy to include "trailer" where "trailer" is described in the policy coverages. "Trailer" is not described in the policy coverages, consequently it is not included in the term "automobile". In short, the plaintiff did not purchase coverage for trailers. In principle see *Woogmaster v. Liverpool & Lond., etc. Ins. Co.,* 312 Mass. 479.

There being no trailer coverage in the policy it becomes unnecessary to consider whether there has been compliance with the provisions of the policy relating to proof of loss. See *Smith Beverages, Inc. v. Metropolitan Casualty Ins. Co.,* 337 Mass. 270.

There being no ambiguity in the meaning of the policy relating to this decisive point there is no occasion to resort to the principle

that equivocal words should be construed against the insurer, as the plaintiff urges. *Sherman v. Metropolitan Life Ins. Co.,* 297 Mass. 330. *Woogmaster v. Liverpool & Lond., etc. Ins. Co.,* 312 Mass. 479, 481.

As we see no error in the judge's ruling that there was no coverage of the trailer, the report should be dismissed.