Kathleen M. PILOTTE, Administratrix
of the Estate of
Kevin W. PILOTTE
vs.
AETNA CASUALTY & SURETY CO.

No. 260

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

February 17, 1981

Benjamin Rudner for the plaintiff.
James J. O'Rourke, Jr. for the defendant.

Present: Lee, P.J., Welsh, J. and Black, J.

## OPINION

BLACK, J. This is an action in contract brought by the plaintiff as administratrix of the estate of Kevin W. Pilotte, in which she claims benefits due to the deceased, Kevin W. Pilotte (hereinafter called "plaintiff's intestate"), in the amount of $2,000.00 for funeral expenses and lost wages under the provisions of a compulsory "no-fault" policy issued by the defendant in accordance with the provisions of G.L. c. 90, § 34A. The defendant declined payment, taking the position that the plaintiff's intestate was not a person entitled to personal injury protection under the provisions of G.L. c. 90, § 34A and, therefore, it is not required to pay such benefits under the terms of the policy issued to its insured.

This case was heard on an agreed statement of facts. On September 1, 1978, while the plaintiff's intestate was seated in an unregistered and uninsured vehicle stored on private property of his grandmother, a motor vehicle owned and operated by James P. Harrison, the insured, left the highway, went onto the private property and struck the stored vehicle with such impact that the plaintiff's intestate was killed. The defendant denied liability. The court found for the defendant on the grounds that the plaintiff's intestate was not a "pedestrian" at the time of the accident, and consequently, no coverage was afforded under the terms of the policy.

Although a copy of the statement of agreed facts is attached to the draft report as allowed, neither a copy of the policy under which benefits are claimed nor its pertinent provisions are set forth. During the appellate hearing on this case, the matter was brought to the attention of counsel. A copy of the policy was submitted to the court by stipulation of both parties. While this procedure is unusual, in the interests of justice and proper consideration of the issues, the policy will be included as part of the statement of agreed facts.

Turning to the provisions of the policy, it is axiomatic that in order to be entitled to policy benefits, the person must come within the insuring clause. **Wrobel v. General Accident Fire and Life Assurance Corp., Ltd.,** 288 Mass. 206 (1934); **Henry Braney d/b/a Tiny's Auto Sales v. Phoenix of London Group,** 24 Mass. App. Dec. 175 (1955). In this case, the "Personal Injury Protection" provisions under Part 2 on Page 4 of the policy specify that benefits commonly known as "PIP" or "No-fault" benefits will be paid up to $2,000.00 to an insured who is injured or killed in an auto accident. There are three express situations for which coverage is provided. The first two are clearly inapplicable in this case. The third provides:

Any pedestrian, including you, if injured by your auto in Massachusetts or any Massachusetts resident who, while a pedestrian, is struck by your auto outside of Massachusetts.

None of the stated exclusions are applicable to the circumstances of this case. Therefore, the narrow issue presented by this appeal is whether the plaintiff's intestate was a "pedestrian" at the time he was struck and killed by the defendant's insured.

We are unaware of any case authority to the effect that a person seated in an automobile is a "pedestrian," nor has any been cited by the plaintiff's counsel. We note that the definitions set forth in the policy defines a "pedestrian" as including:

. . . a person who is walking or who is operating a bicycle, tricycle or similar vehicle, or a person on horseback or in any vehicle drawn by an animal. (See, definitions, no. 10, page 28).

Although there is no definition of the term "pedestrian" set forth in G.L. c. 90, § 34A, no issue has been raised concerning whether its inclusion contravenes the insurer's

authority, and we assume that the policy has been duly approved by the Commissioner of Insurance pursuant to law. Our view is that, in the simplest sense, a pedestrian is a foot traveler. See, **Mendes v. Costa,** 326 Mass. 608 at 610 (1950). By whatever definition, we concur with the trial judge in his conclusion that the plaintiff's intestate was not a "pedestrian" at the time of the accident, and that no coverage was provided under the policy, and none was required to be furnished under G.L. c. 90, §24.

There being no error, the report is dismissed.

Edward A. Lee, P.J.
Robert A. Welsh, J.
Charles E. Black, J.